# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:12-CR-65 |
| | § | Judge Crone |
| LUIGI MONTES (4) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Suppress (Dkt. #220). Having considered the relevant pleadings, the Court is of the opinion that Defendant's motion should be denied.

## BACKGROUND

Defendant was charged along with eighteen other defendants in a one count indictment. Count one charged Defendants with the offense of conspiracy to make a false statement to a government agency, in violation of 18 U.S.C. § 1001. The indictment alleged that Defendant conspired with others to open private mailboxes using false names and false identification features. The indictment alleged that the mailboxes were opened for the purpose of receiving income tax returns using the names and identification features of others and which tax returns falsely claimed entitlement to refunds of taxes paid.

On March 30, 2012, Defendant appeared before a United States Magistrate Judge for his arraignment, at which time he pleaded not guilty. On July 24, 2012, Defendant pleaded guilty, pursuant to a written plea agreement, before the undersigned, to an information alleging one count of conspiracy to (a) make a false statement to a government agency (United States Postal Service), a violation of 18 U.S.C. § 1001, and (b) to make a false claim against a government agency (Internal Revenue Service), a violation of 18 U.S.C. § 287, all in violation of 18 U.S.C. § 371. The plea

agreement provided that the government would dismiss the indictment at the time of defendant's sentencing hearing.

On July 25, 2012, findings of fact and recommendation that the plea of guilty to the information be accepted was filed. On July 26, 2012, United States District Judge Marcia A. Crone accepted the findings and recommendation and found Defendant guilty on count one of the information. The initial Presentence Report ("PSR") was filed on January 24, 2013, and the revised PSR was filed on April 4, 2013. Defendant is currently awaiting a sentencing hearing.

On April 9, 2013, Defendant filed a motion to suppress (Dkt. #220). Defendant's one-page motion asserts as follows:

> At the time of his arrest, officers entered the residence where Defendant was staying and seized documents, computers, keys, and certain other material. No warrant was obtained for the search and seizure and such search and seizure did not fit into the statutory or case law exceptions for a warrantless search and seizure. As a result, Defendant moves this Court, pursuant to the Fourth Amendment to the U. S. Constitution, to exclude all such evidence found and seized inside the residence.

On April 11, 2013, the Government filed a response (Dkt. #221). The Government's response indicates that the only remaining hearing left in this case is Defendant's sentencing hearing. The Government argues that even if the evidence was seized in violation of the Fourth Amendment, it would still be admissible at the sentencing hearing.

The Court finds that there is no basis for a motion to suppress at this stage of the proceedings. An unconditional guilty plea waives all non-jurisdictional defects in the trial court proceedings. *United States. v. Coil*, 442 F.3d 912, 914 (5th Cir. 2006) (citing *United States v. Bell*, 966 F.2d 914, 915 (5th Cir.1992)). "Suppression issues must be raised prior to the entry of a plea." *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991). "When a criminal defendant has solemnly

admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). By pleading guilty, Defendant waived any claim to an alleged illegal search or seizure. The Government is also correct, even if this issue was properly before the Court, evidence that has been suppressed at trial for violations of the Fourth Amendment may later be considered in determining a defendant's base offense level under the United States Sentencing Guidelines. *United States v. Montoya-Ortiz*, 7 F.3d 1171, 1181 (5th Cir. 1993).

### RECOMMENDATION

The Court recommends that Defendant's Motion to Suppress (Dkt. #220) be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 23rd day of April, 2013.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE